Liesel Shoquist, Esq.
Shoquist Law Office, PLLC
P.O. Box 17378
Missoula, MT 59808
Telephone: (406) 250-4637

Attorneys for Plaintiff

FILED
BILLINGS DIV.
2007 DEC 5 PM 2 57
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

CLERK OF THE
DISTRICT COURT
LAURA A. BRENT
2007 OCT 15 AM 10 59
FILED
BY SW
DEPUTY

MONTANA THIRTEENTH JUDICIAL DISTRICT COURT

YELLOWSTONE COUNTY

CV-07-163-BLG-RFC

ROBERT MENSIK,

    Plaintiff,

vs.

CITY OF BILLINGS,

    Defendants.

Case No. DV 07-1283

**RUSSELL C. FAGG**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

120/173654

COMES NOW the above-named Plaintiff, by and through its counsel of record, Liesel Shoquist, Shoquist Law Office, PLLC, and for his Complaint against the Defendant, states and alleges as follows:

**FACTS COMMON TO ALL COUNTS**

1. At all times material herein, Plaintiff, Robert Mensik, was a resident of Carbon County, Montana.

2. Upon information and belief, it is alleged that at all times material herein, Defendant, City of Billings ("the City") is a municipality of Yellowstone County, Montana.

## COUNT I – VIOLATION OF THE AMERICANS WITH DISABILITY ACT, 42 U.S.C.§§12101,et seq.

12. Plaintiff restates and realleges each and every allegation contained in Paragraphs 1 through 11 as though fully set forth herein.

13. Based on its knowledge of Plaintiff's diabetes, the City engaged in a practice of excluding Plaintiff from participating in essential job training in violation of the Americans with Disabilities Act.

14. Based on the knowledge of Plaintiff's diabetes, the City engaged in a practice of failing to provide accommodations to allow Plaintiff to participate in essential job training in violation of the Americans with Disabilities Act.

15. Based on the knowledge of Plaintiff's diabetes, the City engaged in a practice of failing to provide accommodations to allow Plaintiff to perform his regular job functions in violation of the Americans with Disabilities Act.

16. As a result of the City's practice of discrimination against Plaintiff based on his diabetes, Plaintiff has suffered damages including but not limited to wage loss, loss of benefits, humiliation and emotional distress.

17. The City acted with actual malice toward Plaintiff in violating the Americans with Disabilities Act.

## COUNT II – VIOLATION OF THE MONTANA HUMAN RIGHTS ACT, MONT. CODE ANN. §49-1-102, et seq.

18. Plaintiff restates and realleges each and every allegation contained in Paragraphs 1 through 17 as though fully set forth herein.

19. Based on its knowledge of Plaintiff's diabetes, the City engaged in a practice of excluding Plaintiff from participating in essential job training in violation of the Montana Human Rights Act.

20. Based on the knowledge of Plaintiff's diabetes, the City engaged in a practice of failing to provide accommodations to allow Plaintiff to participate in essential job training in violation of the Montana Human Rights Act.

21. Based on the knowledge of Plaintiff's diabetes, the City engaged in a practice of failing to provide accommodations to allow Plaintiff to perform his regular job functions in violation of the Montana Human Rights Act.

22. As a result of the City's practice of discrimination against Plaintiff based on his diabetes, and its violations of the Montana Human Rights Act, Plaintiff has suffered damages including but not limited to wage loss, loss of benefits, humiliation and emotional distress.

23. The City acted with actual malice toward Plaintiff in violating the Montana Human Rights Act.

## COUNT III - RETALIATION

24. Plaintiff restates and realleges each and every allegation contained in Paragraphs 1 through 23 as though fully set forth herein.

25. Following Plaintiff's filing of a complaint with the EEOC, the City proceeded to retaliate against Plaintiff by engaging in a practice of refusing to allow Plaintiff to be a team member of the department by assigning him menial tasks and isolating him during the work day.

26. Following Plaintiff's filing of a complaint with the EEOC, the City, through Airfield Supervisor, Michael Glancy, retaliated against Plaintiff by ignoring Plaintiff and refusing to acknowledge him during team-building morning meetings.

27. Following Plaintiff's filing of a complaint with the EEOC, the City, through Airfield Supervisor, Michael Glancy, retaliated against Plaintiff by treating Plaintiff with open hostility.

28. The City's actions of retaliation and discrimination against Plaintiff, in violation of Mont. Code Ann. §49-2-301, was done with actual malice.

## COUNT IV – WRONGFUL DISCHARGE

29. Plaintiff restates and realleges each and every allegation contained in Paragraphs 1 through 28 as though fully set forth herein.

30. The City's continued discriminatory and retaliatory actions against Plaintiff prevented Plaintiff from actively pursuing and performing his regular job functions.

31. The City's continued discriminatory actions against Plaintiff caused the working situation to become so intolerable that Plaintiff had no other reasonable alternative but to voluntarily terminate his employment with the City.

32. As a result of these circumstances, Plaintiff was constructively discharged by the City.

33. The constructive discharge is wrongful pursuant to Mont. Code Ann. § 39-2-904.

34. As a result of wrongful discharge, Plaintiff has suffered damages including lost wages and lost benefits.

35. The City engaged in actual malice in the constructive discharge of Plaintiff, in violation of Mont. Code Ann. §§ 39-2-904 and 905.

## COUNT V – INVASION OF PRIVACY

DATED this 11th day of October, 2007.

SHOQUIST LAW OFFICE, PLLC

By: _____
Liesel Shoquist, Esq.
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff, and hereby demands a trial by jury of all issues raised herein.

DATED this 11th day of October, 2007.

SHOQUIST LAW OFFICE PLLC

By: _____
Liesel Shoquist
Attorneys for Plaintiff